Carol **GOZDEK**, individually and on behalf of her minor child, Renee Gozdek, and on behalf of all other similarly situated recipients of public assistance in the Aid to Dependent Children category pursuant to N.J.S. 44:10–1 et seq., who may in the future or who are now requesting a Fair Hearing, Appellant,

v.

Irving J. **ENGELMAN**, as Director of the Division of Public Welfare of the Department of Institutions and Agencies of the State of New Jersey.

No. 71–1052.

United States Court of Appeals, Third Circuit.

Argued Jan. 6, 1972.
Decided March 24, 1972.

Richard S. Semel, Garfield, N. J., for appellant.

Joseph T. Maloney, Deputy Atty. Gen., Trenton, N. J., for appellee.

Before KALODNER, GANEY * and MAX ROSENN, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

This appeal is from an Order of the District Court entered November 2, 1970 dismissing the plaintiff's civil rights Complaint challenging then prevailing New Jersey procedures relating to processing of applications for relief on the ground that the Complaint failed to state a cause of action.

The Complaint alleged that in 1969 the plaintiff and her infant child were recipients of public assistance; on an unspecified date that year plaintiff filed a request with the Bergen County (N.J.) Welfare Board for certain emergency medical expenses incurred in the treatment of her child; the request was denied and the plaintiff then requested administrative review of the denial on November 12, 1969.

The Complaint further alleged that the administrative review procedures deprived her of the equal protection of the laws in these respects: they called for a "Fair Hearing" of her appeal by a Hearing Officer and in the event it was unsuccessful for a permissible appeal to the Appellate Division of the New Jersey Superior Court; in order to prosecute such appeal it was necessary for her to present a record of the "Fair Hearing"; while it was permissible for plaintiff to employ a court stenographer to report the "Fair Hearing" she could not do so because of her poverty; an electronic recording is made of all "Fair Hearing" testimony but a transcript must be paid for by one who desires it and she is unable to pay for such a transcript.

The instant action was filed on March 24, 1970.

It is undisputed that prior thereto a "Fair Hearing" had been scheduled for April 2, 1970 and adjourned several times at the plaintiff's request to await the outcome of the instant action; after the District Court dismissed it on November 2, 1970, a "Fair Hearing" was had on November 12, 1970 at which the proceedings were recorded by a court stenographer employed by the plaintiff; the "Fair Hearing" Officer rendered a decision adverse to the plaintiff on March 17, 1971; on April 5, 1971, plaintiff appealed his ruling to the Appellate Division of the New Jersey Superior Court; on July 29, 1971 plaintiff's counsel stipulated to the dismissal of the appeal to the New Jersey court, and that Court approved the Stipulation of Dismissal on August 12, 1971.

The sum of the foregoing undisputed facts is that when the plaintiff's appeal was argued to this Court on January 6, 1972 (1) a court reporter employed by the plaintiff has recorded the testimony at her November 12, 1970 "Fair Hearing"; and (2) she had abandoned her denied application for emergency medical allowance by stipulating to the dismissal of her appeal to the Appellate Division of the New Jersey Superior Court.

It is further undisputed that at the time this appeal was argued the defendant had abandoned the practice of using electronic devices to record "Fair Hear-

---

* Judge Ganey participated in the argument and disposition of this case but died before this opinion was filed.

ing" proceedings, and had adopted a new practice under which a hearing officer prepares his own notes of the substance of such hearing testimony, as a record for use upon an appeal to the state courts, in cases where the party seeking administrative review has not exercised the privilege of employing a court stenographer to record the "Fair Hearing" testimony.

It appears from the foregoing that the instant appeal is moot and it will be dismissed for that reason.